UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **ROBERT GOSSER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE CITY OF PUNTA GORDA, FLORIDA**,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:20-cv-977<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ROBERT GOSSER** ("**GOSSER**"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

### PARTIES

2. The Plaintiff, **ROBERT GOSSER** ("**GOSSER**") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and was employed by **THE CITY OF PUNTA GORDA, FLORIDA** ("**CITY**" or "Defendant").

3. Defendant, **THE CITY OF PUNTA GORDA, FLORIDA** is a municipality that employed **GOSSER** in Charlotte County, Florida.

4. **CITY** employs in excess of 50 employees and is an employer under the FMLA.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Charlotte County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **GOSSER** began his employment with the Defendant in July 2002 and was employed as an instrumentation technician.

8. **GOSSER** always performed his assigned duties in a professional manner and was very well qualified for his position.

9. **GOSSER** received great performance reviews from the Defendant's managers.

10. On or about August 25, 2020, **GOSSER** became afflicted with Covid-19, was sent home from work, and developed complications from Covid-19.

11. **GOSSER** was placed on FMLA leave from August 25, 2020 to October 22, 2020.

12. Notwithstanding the fact that **GOSSER** was on FMLA leave, the Defendant demanded that he engage in work and essentially remain on-call even while afflicted with Covid-19.

13. **GOSSER** returned from FMLA leave on October 22, 2020.

14. However, on October 26, 2020, the Defendant placed **GOSSER** on administrative leave.

15. On November 5, 2020, the Defendant terminated **GOSSER**.

16. The Defendant's stated reason for terminating **GOSSER** was that – while he was out-of-work on FMLA leave with Covid-19 – **GOSSER** "refus[ed] to assist [his] co-workers during the recent SCADA outage [which] is not only unacceptable, but could be construed as misconduct, to include severe disobedience and insubordination."

17. The Defendant disciplined and terminated **GOSSER** as a result of exercising his FMLA rights.

18. The Defendant's tangible, adverse employment actions were causally connected to **GOSSER**'s FMLA leave.

19. The Defendant intentionally and systematically discriminated against **GOSSER** by using his FMLA leave as the substantial or motivating factor in the Defendant's decision not to continue **GOSSER**'s employment and terminating him.

20. The Defendant terminated **GOSSER** as a direct result of his request and need for FMLA leave, including his refusal to work while on FMLA leave, all of which are statutorily protected acts.

21. The Defendant's decision to terminate **GOSSER**'s employment violated **GOSSER**'s rights under the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

22. The Plaintiff hereby incorporates by reference Paragraphs 1-21 in this Count by reference as though fully set forth below.

23. **GOSSER** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **GOSSER** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition

as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

24. **GOSSER** informed the Defendant of his likely need for leave for his own serious health condition.

25. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

26. If the Defendant were to have decided that **GOSSER**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

27. The Defendant has never provided **GOSSER** with any notice disqualifying his FMLA leave.

28. In fact, the Defendant should have determined that **GOSSER** was eligible for leave under the FMLA and yet interfered with his rights by terminating his employment because of (a) his request for federally protected FMLA leave, (b) his taking of that leave, and (c) his refusal to work while on such leave.

29. **GOSSER** engaged in activity protected by the FMLA when he requested leave due to Covid-19 – a serious health condition – consistently informing the Defendant of the same, taking that leave and by refusing to work while on such leave.

30. The Defendant knew, or should have known, that **GOSSER** was exercising his rights under the FMLA and was aware of **GOSSER**'s need for FMLA-protected absence.

31. **GOSSER** complied with all of the notice and due diligence requirements of the FMLA.

32. The Defendant was obligated, but failed, to allow **GOSSER** to take FMLA leave and to return **GOSSER**, an employee who requested and took FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

33. A causal connection exists between **GOSSER**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **GOSSER** a benefit to which he was entitled under the FMLA.

34. As a result of the above-described violations of FMLA, **GOSSER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")-RETALIATION

35. The Plaintiff hereby incorporates by reference Paragraphs 1-21 and 23-34 in this Count by reference as though fully set forth below.

36. **GOSSER** informed the Defendant of his likely need for leave for his own serious health condition.

37.     **GOSSER** engaged in activity protected by the FMLA when he (a) requested federally protected FMLA leave, (b) took that leave, and (c) refused to work while on such leave, consistently informing the Defendant of the same.

38.     The Defendant knew, or should have known, that **GOSSER** was exercising his rights under the FMLA and was aware of **GOSSER**'s need for FMLA-protected absence.

39.     A causal connection exists between **GOSSER**'s request for FMLA-protected leave and his termination from employment with the Defendant because **GOSSER** engaged in statutorily protected activity by requesting FMLA leave.

40.     The Defendant retaliated by altering the terms and conditions of **GOSSER**'s employment by terminating **GOSSER**'s employment because he engaged in the statutorily protected activity of requesting FMLA leave, taking FMLA leave and refusing to work while on FMLA leave.

41.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **GOSSER**'s employment because he engaged in activity protected by the FMLA.

42.     As a result of the above-described violations of FMLA, **GOSSER** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate,

and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ROBERT GOSSER**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: December 15, 2020

/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com